**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

William J. Knowles

   v.                                                Civil No. 05-cv-363-PB

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.[1]

**O R D E R**

William Knowles has filed a complaint *pro se* pursuant to 42 U.S.C. § 1983 alleging that the defendants, employees of the New Hampshire Department of Corrections ("DOC"), have violated his Eighth Amendment right to adequate medical care during his incarceration. The matter is before me for preliminary review to determine, among other things, whether Knowles has stated any claim upon which relief might be granted. As discussed fully in the Report and Recommendation issued simultaneously with this Order, I find that Knowles has stated a claim upon which relief

---

[1] The body of Knowles' complaint does not list any individual defendants, but refers to the New Hampshire State Prison ("NHSP") medical department and the New Hampshire Department of Corrections ("DOC") Commissioner or Agent Superior. Knowles has submitted summons forms for William Wrenn and Stephen Curry, the current and former DOC Commissioner, DOC Medical Director Robert McLeod, Nurse Practitioner Neculai, and Nurse Practitioner Judy Baker.

might be granted against defendants Curry, Wrenn, and McLeod, and I direct that the complaint be served upon them.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint (document no. 1) be served on Defendants. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation and the complaint (document no. 1). See United States District Court for the District of New Hampshire Local Rule 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to

them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within thirty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    April 12, 2006

cc:      William J. Knowles, *pro se*