**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

William J. Knowles

v. Civil No. 05-cv-363-PB

Stephen Curry, Commissioner, New Hampshire Department of Corrections

**O R D E R**

William Knowles has filed a motion to amend his complaint (document no. 21). The defendant objects (document no. 22). The matter was referred to me by the District Judge for a ruling on this matter. For the reasons explained herein, I grant the motion and allow the complaint to be amended as requested.

Knowles' complaint currently pending before the Court (document no. 1) alleges that certain defendants at the New Hampshire State Prison ("NHSP") have violated Knowles' right to receive adequate medical care for his serious medical needs in violation of the Eighth Amendment. Knowles suffers from glaucoma, a serious eye condition. Knowles alleges that as a result of the defendants' deliberate failure to provide him with needed medical attention and treatment, his condition needlessly worsened and he is now blind in one eye. Specifically, Knowles attributes the fact that despite being aware of his need for the attention of a specialist, the defendants did not arrange for him

to see a specialist for more than a year after the need was made evident to them.

I directed that defendants Curry, Wrenn and McLeod be served with Knowles' initial complaint. Knowles now seeks to add Sgt. Matthew Snow, Transportation Department, New Hampshire State Prison - Concord, Nurse Coordinator Anna Frazzina, Medical Department, New Hampshire State Prison - Concord,[1] Nurse Coordinator, Sgt. Masse, Transportation Department, Northern New Hampshire Correctional Facility ("NCF"), and Nurse Coordinator Denise Rancourt, Medical Department, NCF.

As grounds to add these individuals as defendants to this action, Knowles relies on the New Hampshire Department of Corrections' ("DOC") Policy and Procedure Directive ("PPD") 6.15(III) which states:

> It is the policy of the Department of Corrections that arrangements will be made for consultations with medical specialists when necessary, or hospitalization will be arranged for medical issues when the health care needs of the inmate are beyond the facilities' resources as determined by the health authority. Transportation will be provided under the appropriate security provisions.

[1]Knowles states that Snow and Frazzina are currently working for the New Hampshire Department of Corrections in its Lake Region Facility.

PPD 6.15(IV)(A) goes on to identify the Coordinator of the DOC facility’s health unit and the transportation team as the parties responsible for setting and carrying out medical appointments with health care providers outside of the DOC facility. I construe Knowles’ motion to allege that the named transportation and health coordinating officials at NCF and at NHSP were aware of and failed to fulfill their responsibility to arrange for and transport Knowles to an appointment with an opthamologist.[2]

The defendants’ objection relies on Knowles’ lack of specificity as to the actions taken on the part of the individuals he seeks to add to this action. While Knowles may ultimately have to prove that these individuals deliberately abdicated a responsibility to Knowles to provide him treatment for a serious medical condition to succeed on the merits of this claim, Knowles’ complaint, construed liberally, alleges that Snow, Frazzina, Masse, and Rancourt violated his Eighth Amendment right to adequate medical care by failing to fulfill their responsibilities to provide Knowles an appointment with an opthamologist when they were aware that such medical care was

[2]In reviewing this motion and Knowles proposed amended complaint, I apply the same standard of review fully explained in my April 12, 2006 Report and Recommendation in this matter (document no. 10).

necessary. Thus, Knowles alleges clearly that the omission or failure to act on the part of the proposed defendants gives rise to an action against the proposed defendants.

If the State holds an individual in custody or otherwise assumes responsibility for that person's welfare, a "special relationship" may be created between the State and the individual in custody such that the Fourteenth Amendment imposes a duty on the State to assume responsibility for the individual's personal safety and well-being. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197, 200 (1989); Monahan v. Dorchester Counseling Ctr., 961 F.2d 987, 991 (1st Cir. 1992); Germany v. Vance, 868 F.2d 9, 15 (1st Cir. 1989). As a direct result of his custodial status, Knowles was not able to insure his own well-being, as he was unable to arrange for his own opthamology appointment. Knowles has alleged that the harm he has suffered to his eyes and vision is the direct result of the requested defendants' dereliction of their duty, under their "special relationship" with him, to provide him adequate medical care. Knowles has thus alleged sufficient facts to add these individuals as defendants to this action. Accordingly, I grant

Knowles' motion to amend.[3] The motion to amend, amended complaint, objection to motion to amend the Report and Recommendation and Order I issued on April 12, 2006, and this Order (document nos. 1, 10, 11, 14, 21, and 22), are to be served on all of the defendants to the action, those named in the original complaint and those added in the plaintiff's instant motion: Curry, Wrenn, McLeod, Snow, Frazzina, Masse and Rancourt.

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation and the documents enumerated above. See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those of the additional defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

---

[3]While Knowles' motion does not strictly comport with the requirements of United States District Court for the District of New Hampshire Local Rule 15.1, I will accept his motion as submitted and the original complaint, motion to amend, and amended complaint shall be considered to be the complaint in this matter.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

The added defendants are instructed to answer or otherwise plead within thirty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: October 3, 2006

cc: William J. Knowles, pro se
Mary E. Maloney, Esq.